**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

In re:                              )
                                    )
CRAIG DOUGLAS WINKLES and           ) Case Number: 10-30137
JENNIFER LYNN WINKLES,              ) Chapter 7
                                    )
                 Debtors.           )

**DEBTORS' BRIEF IN OPPOSITION TO**
**UNITED STATES TRUSTEE'S**
**MOTION TO DISMISS**

COME NOW the Debtors, Craig and Jennifer Winkles, by their attorneys,

Law Offices of Mueller and Haller, L.L.C., and for their Brief in

Opposition state as follows:

**FACTS**

The Debtors incorporate the statement of facts included in the

United States Trustee's (UST) Introduction as accurate.  However,

Debtors need to clarify the record that they did disclose the receipt of

unemployment income on Line 9 of the B22A form by claiming that is

was a benefit under the Social Security Act.

Debtors also need to report that Mr. Winkles recently obtained

employment earning $18.00 per hour at approximately 40 hours per

week.

**ISSUE AND PROCEDURAL POSTURE**

Can the Debtors exclude the receipt of unemployment

compensation in the calculation of their disposable monthly income

pursuant to 11 U.S.C. § 101(10A)?  This issue has been briefed, argued

1

and is under consideration by the Court in the case of *In re Treece*, Case No. 09-33290 (Bankr. S.D. Il. 2010).

If the answer is yes, then the Debtors respectfully request a short period of time to submit their version of an amended B22A which sets out their expenses.  At that point, the Court could determine whether the Debtors' amended B22A requires dismissal or conversion of their current Chapter 7 case.[1]  In support of this request, Debtors posit that the Court's analysis may be influenced by the Supreme Court's decision in the case of *Hamilton vs. Lanning*,  ___ U.S. ____ (June 7, 2010) released today.  As such, in the event Social Security income is to be included, then Debtors respectfully request a short period of time to submit their own version of an amended B22A form.

---

[1] The United States Trustee cannot correctly calculate an amended B22A form until the income portion of the B22A form is completed.  The United States Trustee asserts this as fact in the pending case of *In re Treece*, Case No 09-33290 (Bankr. S.D. Il. 2010).  In that case the UST states in paragraph 9 of her Motion to Compel filed December 17, 2009, (Document #7) the following:

> Where the Debtor is truly above the applicable median family income despite the Debtor's assertions to the contrary, the United States Trustee cannot correctly calculate all of the expenses to which Debtor may be entitled on the remainder of Form 22A. In those cases, Debtor must submit an Amended Form 22A which completes the expense portion of the Form.

**ARGUMENT**

For the sake of judicial economy and efficiency, the Debtors adopt and incorporate by reference the legal arguments submitted by the debtors in the case of In re Treece, Case No. 09-33290 (Bankr. S.D. Il. 2010), Document # 26, filed 2/4/10.

**CONCLUSION**

The Debtors respectfully ask the Court deny the United States Trustee's Motion to Dismiss.

By: /s/ James J. Haller
William A. Mueller
James J. Haller
Attorneys for Debtors
5312 West Main Street
Belleville, IL 62226
(618) 236-7000

## <u>NOTICE OF ELECTRONIC FILING AND</u>
## <u>CERTIFICATE OF SERVICE BY MAIL</u>

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | Case No.: 10-30137 |
| | )      SS | |
| CITY OF BELLEVILLE | ) | Chapter    7 |

Jennifer Schweiger, being duly sworn, deposes and says:

Deponent is not a party to the action, is over 18 years of age, and resides in St. Clair County, Illinois.

On June 7, 2010, Deponent electronically filed with the Clerk of the U. S. Bankruptcy Court **Debtors' Brief in Opposition to United States Trustee's Motion to Dismiss**.

The Deponent served electronically the **Debtors' Brief in Opposition to United States Trustee's Motion to Dismiss** to the following parties:

U.S. Trustee

U.S. Bankruptcy Court

Robert Eggmann

and served by mail to the following parties:


by depositing a true copy of same, enclosed in a postage paid properly addressed wrapper, in a Belleville City Branch, official depository under the exclusive care and custody of the United States Postal Service, within the State of Illinois.


By: /s/ Jennifer Schweiger