## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CRAIG DOUGLAS WINKLES and | ) | Case Number 10-30137 |
| JENNIFER LYNN WINKLES, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |

### UNITED STATES TRUSTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO 11 U.S.C. §§ 707(b)(1) and (b)(2)

NOW COMES, NANCY J. GARGULA, the United States Trustee for Region 10, by and through her attorney, Mark D. Skaggs, and for her supplemental brief in support of her Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (b)(2) as it relates to the issue of inclusion of unemployment compensation benefits on Form 22A in the current monthly income calculation, states as follows:

### Introduction

CRAIG DOUGLAS WINKLES and JENNIFER LYNN WINKLES (Debtors) commenced this voluntary Chapter 7 bankruptcy petition on January 21, 2010. As part of their filing, Debtors completed Official Form 22A ("Form 22A"), commonly referred to as the "Means Test Form." In completing Form 22A, Debtors excluded the monthly unemployment income of $2,236.00 received by CRAIG DOUGLAS WINKLES from the current monthly income ("CMI") calculation. This exclusion is addressed on Line 9 of Form 22A. By excluding the unemployment compensation from the CMI calculation, Debtors' annualized CMI (Line 13) is below the applicable median family income on Line 14 of Form 22A. As a result, Debtors are not required to complete the remainder of Form 22A and, more importantly, the presumption of abuse cannot arise. In the event, however, the unemployment compensation were to be included in the CMI, then, Debtors' annualized CMI

would in fact exceed the applicable median family income on Line 14 such that the Debtors would be required to complete the remainder of Form 22A and the presumption of abuse could possibly arise. The U.S. Trustee proceeded to complete the remainder of Form 22A using the best available information known to her and, after doing so, it appears that the presumption of abuse arises.

## Issue

The initial issue in this matter is whether Debtors are required to include in their CMI calculation the unemployment compensation received during the six month pre-bankruptcy period or whether Debtors are properly allowed to exclude unemployment compensation as a benefit received under the Social Security Act. The U.S. Trustee asserts that, consistent with the opinion written by Judge Thomas Perkins in the Central District of Illinois case *In re Kucharz*, — B.R. —, 2009 WL 3518163 (Bankr. C.D.Il. Oct. 28, 2009), unemployment compensation is required to be *included* in the calculation of CMI.

## Argument

As of this writing, the U.S. Trustee is aware of four cases that have addressed this specific issue.[1] Two cases hold that unemployment compensation is to be included in the CMI calculation, to-wit: *Kucharz*, *Id.* and *In re Baden*, 396 B.R. 617 (Bankr. M.D. Pa. 2008); and, two cases hold that unemployment compensation is not to be included in the CMI calculation, to-wit: *In re Munger*, 370 B.R. 21 (Bankr. D. Mass. 2007) and *In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007). The earlier cases addressing this issue excluded the unemployment compensation, while the more recent cases having considered the arguments and analysis of the earlier decisions to the contrary concluded

---

[1] The undersigned has not conducted further research as to additional cases given that the undersigned and Debtors' counsel have already made their arguments in the case of *In re Treece*, 09-33290, which is currently under advisement by the Court.

that the unemployment compensation benefits are to be included in the CMI calculation. The U.S. Trustee asserts that the arguments, analysis and conclusions of the Courts in *Kucharz* and *Baden* are correct and should be adopted by this Court.

Judge Perkins in *Kurcharz* explains at length the history of the Social Security Act as it relates to the State administered unemployment compensation systems. *Id. at pp 2-7.* Judge Perkins pointed out that the Social Security Act only incentivized, but did not mandate, that the states come up with laws to provide unemployment compensation benefits, specifically noting that "Congress rejected the alternative of a uniform national unemployment insurance system, preferring instead to preserve the autonomy of the states to adopt their own systems. *New York Telephone Co. v. New York State Dept. of Labor,* 440 U.S. 519, 541 n.36, 99 S.Ct. 1328, 1341 n.36 (1979)." *Kucharz* at *3. Simply providing incentives to act is clearly not the same as a mandate to act. "As determined by the Supreme Court, inducement is not coercion, ..." *Id*. at *9.

Judge Perkins then went on to discuss how the unemployment compensation system is set up and administered at the state level. Specifically, state officials evaluate, pay or deny the claims in accordance with state law; appeals of decisions on claims are heard by state officials in accordance with Illinois law including the Unemployment Insurance Act, 820 ILCS 405/100-3200; that the State of Illinois has even established the Department of Employment Security to administer the Act; and, that the state collects unemployment taxes sufficient from which to pay the benefits. *Id*. at *5.

After discussing the foregoing history, Judge Perkins acknowledged that the exclusion provision is ambiguous on its face, in that two conflicting interpretations are plausible. *Id*. at *7. Judge Perkins proceeded to address the meaning of the word "under" and concluded that from a purely textual viewpoint, unemployment compensation is not a benefit under the Social Security Act

that is excluded from the CMI calculation. *Id*. at *9.

Thereafter, addressing the contextual nature of the provision, Judge Perkins looked at the purpose behind the changes brought about by implementation of BAPCPA and recited the now well-known statement that those who have the ability to pay should be forced to pay if they want to obtain relief under the Code. *Id*. at *10 citing to *In re Ross-Tousey*, 549 F.3d 1148, 1151 (7th Cir. 2008). One of the most compelling arguments made by Judge Perkins in support of his decision is simply the purpose of unemployment compensation and the theory behind CMI.

The six month CMI period is used as predictor of future income. Unemployment is hopefully a temporary situation. During this temporary period of unemployment, compensation is received from the state which is intended as a partial replacement for the wages that would have been earned but for the period of unemployment. The amount of the compensation is based on historical wages. Since unemployment compensation is at a reduced rate below the level of wages that were earned, it is at least more reflective of what future wages will be and the debtor's ability to repay creditors then if the unemployment compensation were excluded from the CMI calculation. *(See, Kucharz*, at *10-11.) Including the reduced income of unemployment compensation represents neither a windfall nor a detriment to the debtors or the creditors.

In their Motion to Continue the original hearing on the Motion to Compel, Debtors state several alleged facts concerning their situation. (See paragraph 5 of Debtors' Motion to Continue, Document No. 12.) These facts all relate to future events and not events that occurred during the six full months prior to the filing of the bankruptcy case, which is the relevant time period for calculating the CMI. (*See* 11 U.S.C. §101(10A).) These facts may ultimately impact whether the presumption arises or whether a motion to dismiss is appropriate under Section 707(b)(1) and (2),

but they are not relevant to the calculation of CMI in the first instance.

In conclusion, the United States Trustee respectfully requests that the Court enter an order requiring Debtors to complete an Amended Form 22A and in doing so, that Debtors must include the unemployment compensation received during the applicable time period, and for such other and further relief as this Court may deem appropriate.

Respectfully Submitted,

NANCY J. GARGULA,
United States Trustee

*/s/ Mark D. Skaggs*

By: Mark D. Skaggs
Trial Attorney

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon Debtor at their address as shown on the petition via regular first class mail on the 24th day of June, 2010 and placed for electronic service through the Clerk of the Court's CM/ECF filing system.

*/s/ Mark D. Skaggs*

Mark D. Skaggs

Mark D. Skaggs, ARDC No.: 6210087
United States Department of Justice
Office of the United States Trustee
401 Main Street, Suite 1100
Peoria, IL 61602
Telephone: (309) 671-7854, Ext. 226
Telefax: (309) 671-7857
Mark.D.Skaggs@usdoj.gov